No. 106

CLEVELAND RY. CO. v. PETRUSHOFF

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5909.   Decided Oct. 5, 1925

225. CHARGE TO JURY—A written request to charge before argument must not only state the correct law but must also be pertinent to the issues in the case.

SULLIVAN, J.

Tom Petrushoff brought this action in the Cuyahoga Common Pleas against the Cleveland Railway Co. for personal injuries which he claimed was inflicted upon him when the conductor of the Company assaulted him while he was a passenger on one of the Company's trailer cars.

It seems that an altercation arose between Petrushoff and the conductor when Petrushoff failed to deposit a penny in the fare box. After Petrushoff had receded and taken a seat in the car, the conductor proceeded to where Petrushoff was seated and assaulted him.

The contention of the Railway Co. was that the provocation engendered by Petrushoff, upon his refusal to pay the full fare, actuated the assault. Petrushoff maintained that the altercation at the fare box had ceased and that it was no basis for the assault. Petrushoff recovered a judgment of $2500 in the Common Pleas and error was prosecuted by the Railway Co. mainly on three grounds:

1. That the evidence did not support the finding of the jury that the conductor instigated the assault.

2. That the court committed error in refusing to charge the jury before argument as requested in writing by the Company to the effect that if the jury found from the preponderance of the evidence that the violence received by Petrushoff from the conductor was the result of a personal quarrel with the conductor which Petrushoff provoked, that he (Petrushoff) could not recover.

3. That error was committed by the Court in instructing the jury that the Company owed Petrushoff the duty of exercising the greatest degree of care for his safety and that he was entitled to protection from unnecessary brutal force at the hands of the officers of the company. The Court of Appeals held:

1. There is credible evidence in the record showing that the altercation at the fare box had ceased, and that the conductor affronted Petrushoff after he had taken a seat as a passenger in the car. This court will not reverse the finding since there is no indication of bias, misapprehension or mistake on part of the jury.

2. The written charge requested by the Company to be given to the jury before argument, while correct as an abstract proposition of law, is not pertinent to the issues in the case. It fails to bring out the fact that there was an hiatus between the first and second altercation.

3. A written request to charge before argument must not only state the correct law but must also be pertinent to the issues in the case.   101 OS. 282.

4. It was the duty of the conductor, as an officer of the Railway Co., to protect Petrushoff, it being among the implied provisions of the contract between Petrushoff and the Company to carry him safely to his destination.

5. Because of that contract a different rule applies as to assaults by the conductor upon passengers than in ordinary cases of assault in that as a matter of law it is a part of the duty of the conductor to carry out the contract between Petrushoff and the Company.

6. While the instruction of the lower court was extreme, it was not prejudicial to the Company as the jury had the actual facts before it.

Judgment affirmed.

Attorneys—Squire, Sanders and Dempsey for Ry. Co.; Vickery and Vickery for Petrushoff; all of Cleveland.

Note—The OS. Pending opinion will be found in 3 Abs. 709.